## Shaw et al. v. Newingham, Appellant.

*Practice, C. P.—Parties plaintiff—Action for secret profits—Accounting—Equity—Jurisdiction—Act of May 14, 1915, P. L. 483.*

1. Several individuals may join in an action of assumpsit to recover secret profits realized by defendant, in a real estate transaction in which plaintiffs and defendant were jointly interested.

2. The fact that plaintiffs' contributions were in unequal shares does not change the nature of the interest of the contributors, which is joint and several. The difference in the interests of plaintiffs is a matter of adjustment among themselves with which defendant is not concerned.

3. Where the liability to account is all on one side, a court of equity will not take jurisdiction.

4. Where defendant has a full opportunity to present his defense in an action at law, he cannot complain, because an accounting is required, that the proceeding was not in equity. The Practice Act of May 14, 1915, P. L. 483, provides for an accounting in an action of assumpsit.

*Practice, C. P.—Remarks of counsel—Refusal to withdraw juror—Harmless error.*

5. While counsel's remark that defendant had stolen plaintiff's money was improper, the refusal of the trial judge to withdraw

a juror and continue the case is not reversible error where it does not appear defendant was harmed thereby, plaintiff's evidence, undenied and unexplained, requiring a verdict for plaintiff, and the amount of the verdict being less than the evidence warranted.

Argued October 18, 1923.   Appeal, No. 137, Oct. T., 1923, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1920, No. 194, on verdict for plaintiff, in case of Milo D. Shaw et al. v. F. M. Newingham.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for secret profits.   Before KING, P. J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiffs for $20,000.   Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*Harry C. Golden,* with him *C. E. Harrington,* for appellant, cited: Graham v. Cummings, 208 Pa. 516; Riley v. Eigo, 1 Pa. Superior Ct. 139.

*H. A. Heilman,* with him *E. O. Golden,* for appellees, cited: Humbird v. Davis, 210 Pa. 311.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:
Eight plaintiffs sued in assumpsit averring they were jointly engaged with defendant in a business venture involving the purchase of oil and gas property in Kentucky and contributed in unequal proportions to a common fund amounting to $32,000, $1,000 of which was to be used for expenses and the balance for the purchase. The substance of plaintiffs' claim is that defendant falsely represented the property in question could be purchased for not less than $31,000, while, as a matter of fact, the actual consideration paid was $4,000 and defendant, who had charge of the negotiations for himself

and plaintiffs, so manipulated the transfer as to conceal the true consideration, retaining for his own use the difference between the amount contributed and that actually paid. After paying the consideration there remained in defendant's hands the balance of the fund, less expenses, for which plaintiffs, following discovery of the fraud, demanded an accounting.

At the trial defendant offered no testimony and, as stated in the opinion of the court below, all facts were established by an abundance of proof, without denial or explanation on the part of defendant. The verdict was for plaintiffs in the sum of $20,000 and judgment was entered thereon. Defendant appealed.

Appellant questions the right of plaintiffs to maintain a joint action of assumpsit, claiming the proceeding should have been by bill in equity for an accounting, on the ground that one of plaintiffs, as treasurer, had not accounted for the $1,000 expense fund turned over to him, also for an additional $1,000 defendant advanced to remedy a defect in the title to the property. It appears, however, defendant was given credit for the latter sum and the first $1,000, having been appropriated for expenses, the duty to account for these amounts has no connection with the duty of defendant to answer for secret profits realized by him from the purchase. The liability to account is all on one side and in such case courts of equity will not take jurisdiction: Graham v. Cummings, 208 Pa. 516. The facts here involved are almost identical with those in Humbird v. Davis, 210 Pa. 311, where it was held the several parties to the transaction could maintain a joint action of assumpsit against one of their number for secret profits made by the latter in the purchase of property at less than the price fixed in the option. The remedy in equity by bill for accounting is not exclusive and in cases that afford defendant full opportunity to present his defense in an action at law, he cannot be heard to complain that equity and not assumpsit is the proper proceeding. Section 19 of the Practice Act of 1915, contemplates an accounting

in an action of assumpsit by providing that where plaintiff asks for an account and moves for judgment for want of a sufficient affidavit of defense, the court is authorized to enter an order for an accounting which may be enforced by attachment or otherwise and judgment entered for the amount shown to be due by either plaintiff or defendant.

There is no merit in the contention that a joint action was improper. The parties formed an association and created a fund to which they individually contributed and placed in the hands of one of their number. Although their contributions were in unequal shares, this fact does not change the nature of the interest of the contributors, which is joint and not several. The difference in the interests of plaintiffs is a matter of adjustment among themselves with which defendant is not concerned. He is protected from further actions by the judgment and beyond this is not interested. In fact, it is a distinct advantage to him to have plaintiffs join in a single proceeding rather than bring separate suits, as the one avoids a multiplicity of actions and prevents increased costs. The subject is fully covered in the opinion of this court in Humbird v. Davis, supra. See also Meredith v. Punxsutawney Nat. Bank, 275 Pa. 314, 317.

In the course of his argument to the jury, counsel for plaintiffs referred to defendant as having stolen the money belonging to plaintiffs. While this remark was improper the refusal of the court below to withdraw a juror because of it is not reversible error, inasmuch as it does not appear defendant was harmed by the statement. Under the evidence submitted, the jury could not have done otherwise than find for plaintiffs. The amount of the verdict was less than the evidence warranted, consequently it cannot be said the minds of the jurors were affected by the language complained of.

There is no merit in the other assignments and they need not be separately considered.

The judgment is affirmed.