# Wheeler's Assigned Estate.

*Assignment for creditors—Insolvency—Accounting—Remedy of creditor against assignee—Rule to file account—Acts of March 24, 1818, 7 Sm. L. 222; June 14, 1836, P. L. 630, and June 16, 1836, P. L. 789.*

1. Where an insolvent agrees with certain of his creditors to assign his property to a trustee for creditors on certain terms, and a trust deed of assignment incorporating the terms is thereafter executed, and subsequently a creditor who was not a party to the original agreement signs an extension agreement which recognized the status of affairs created by the trust deed and its incorporated agreement, such creditor, twelve years after the assignment, has a right to petition the court for a citation to the trustee to account; and this is the case whether the proceeding be considered as based on the Acts of March 24, 1818, 7 Sm. L. 222, and June 14, 1836, P. L. 630, relating to assignments for creditors, or on the Act of June 16, 1836, P. L. 789, covering the settlements of trustees' accounts generally.

2. In such case the agreement, with its restrictive terms incorporated into the deed of assignment, did not oust the jurisdiction of the courts, and confine the creditor to the remedy provided by the agreement.

3. The courts should be alert to see that trustees account to those entitled to an accounting, for it is one of the duties of a trustee to keep the cestui que trust fully informed of his actions and to account when requested.

Argued September 27, 1926. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 103, March T., 1926, by Charles G. O'Donnell, Executor of A. O'Donnell, Surety, from order of

C. P. Jefferson Co., Oct. T., 1925, No. 9, discharging rule for citation to account, in assigned estate of David Wheeler to J. W. Hunter, Trustee. Reversed.

Rule for citation to account. Before DARR, P. J.
The opinion of the Supreme Court states the facts.
Rule discharged. Charles G. O'Donnell, executor of A. O'Donnell, surety, deceased, appealed.

*Error assigned* was order, quoting record.

*Raymond E. Brown,* with him *M. M. Davis,* for appellant.—The petitioner was entitled to an accounting: Watson v. Bagaley, 12 Pa. 164; Whitney's App., 22 Pa. 500; Baskin's App., 34 Pa. 272; Dallam v. Fitler, 6 W. & S. 323.

*Walter E. Morris,* of *Mitchell & Morris,* for appellee, cited: Wiener v. Davis, 18 Pa. 331; Johnson's App., 103 Pa. 373; Fallon's App., 42 Pa. 235; Ives v. Textile Co., 50 Pa. Superior Ct. 83; Peters v. Light, 76 Pa. 289.

OPINION BY MR. JUSTICE SCHAFFER, November 22,
Appellant rightly complains of the action of the court below dismissing his petition for an accounting by appellee.

David Wheeler, having become financially involved, executed, on December 24, 1912, a deed to James W. Hunter as trustee, conveying all his property except his homestead lands and the personal property pertaining thereto in trust for his creditors. This deed was made in pursuance of an agreement previously executed by Wheeler and certain of his creditors, which, however, neither appellant nor his decedent signed. The agreement stipulated that Wheeler should execute a deed for his property to Hunter as trustee and that the terms of the agreement should be incorporated in the conveyance, which was done.

Although appellant was not a party to the original agreement, subsequent to its date, and after the execution of the deed, he entered into an extension agreement which recognized the status of affairs created by the trust deed and its incorporated agreement. There is no question that appellant is a creditor of Wheeler. It is so admitted of record.

The trust created by the deed from Wheeler to Hunter was administered by the latter for more than twelve years, when appellant, becoming dissatisfied with the way in which the trust estate was being carried on, presented his petition to the court below to compel the trustee to file an account. The court refused the prayer of the petition on the grounds (1) that while it is true neither appellant nor his decedent had not signed the agreement preceding the deed, he had by signing the extension agreement adopted the former one, (2) that appellant's petition for an accounting is defective because it fails to set out whether appellant or his decedent paid out any money as surety for Wheeler or any facts which would enable the court to determine the equities between Wheeler and the decedent's estate, (3) that the agreement which preceded the deed, having been "adopted" by petitioner, is the law "unto the parties thereto" and the petition fails to state any particular in which the trust has not been carried out, and (4) that the remedy of petitioner is under the agreement and the court would not take cognizance of the matter unless petitioner had exhausted every remedy under the trust agreement and had failed to obtain relief.

Our conclusions are that the agreement has no such binding control over petitioner as the court ascribed to it, and that it was merged in the deed of trust; that the equities, whatever they may be between the estate represented by appellant and Wheeler, are not now of controlling consideration, it being admitted by appellee that the estate of decedent is a creditor of Wheeler; that the agreement preceding the deed is not the law between the

parties, at least, to the extent of ousting the jurisdiction of the court when an otherwise proper case is presented to it for action; and, that the remedy of petitioner is not under the trust agreement but in the way in which he has attempted to proceed.

The courts should be alert to see that trustees account to those entitled to an accounting, for it is one of the duties of a trustee to keep the cestuis que trust fully informed of his actions and to account when requested: Harris v. Silvis, 86 Pa. Superior Ct. 222. Whether the deed be deemed an assignment for the benefit of creditors and the petitioner entitled to invoke the provisions of section 1 of the Act of March 24, 1818, (7 Sm. L. 131) providing in substance that where there has been an assignment in trust for creditors, the court of common pleas, on the application of any of the creditors of the assignor, may issue a citation to the assignee to account, or those of sections 7 and 19 of the Act of June 14, 1836, P. L. 630, 631 and 633, of similar import, or the broader ones of the Act of June 16, 1836, section 13, P. L. 789, covering the settlement of trustee's accounts generally, the result in the proper administration of the law would and should be the same—an accounting ordered. Here we have a trust for creditors unsettled for more than fourteen years; we pointed out the undesirability of such long continued trusts in Miller's Case, 277 Pa. 336.

The assignment of error is sustained and the petition reinstated, with directions to the court below, unless further cause be shown, to order an accounting as prayed for; costs on this appeal to be paid out of the trust estate of David Wheeler.