Frasch Adoption Case.

Argued March 24, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Richard T. McSorley,* with him *Leo T. Connor,* for appellant.

*A. M. Blumberg,* with him *Blumberg & Sork,* for appellee.

Opinion by Hirt, J., July 15, 1949:

Joan M. Frasch, the subject of this proceeding had been adopted in infancy by George S. Frasch and Laura M. Frasch, his wife. Her adoptive father died in 1945, her mother on October 9, 1948. By the will of Laura M. Frasch, dated January 14, 1946, Joan inherited the home in which they had lived on Overington Street in Philadelphia, worth about $8,500, subject to a mortgage of $2,100, together with some personal property. On the death of her adoptive mother, Joan was but 14 years old. The will provided: ". . . during her minority I appoint Helen O'Neill and Walter A. Dale, or the survivor, Testamentary Guardians for my said daughter, Joan M. Frasch." Walter A. Dale renounced, but Helen O'Neill accepted the appointment and has acted as such guardian. The power of appointment of a guardian by will, at the time this appointment was made, had legislative sanction in The Wills Act of June 7, 1917, P. L. 403, §8(a), as amended May 13, 1925, P. L. 689, 20 PS §211.[1] In the present proceeding Gerald J. Neal petitioned the court for a decree of adoption of Joan by him. The lower court, over the protest of Helen O'Neill, guardian of the minor, entered a decree of adoption as prayed for. The order will be reversed.

About six months after the death of George S. Frasch, Gerald J. Neal, widower, moved into the home on Overington Street in Philadelphia with his only child, an adopted son, about Joan's age. He had long been a friend of the family. He testified that he and Laura M. Frasch contemplated marriage but that it was never

---

[1] Section 8 of the 1917 Act as amended, has been supplanted and in principle reënacted by §18 of the Act of April 24, 1947, P. L. 89, 20 PS §180.18, which became effective on January 1, 1948.

consummated because of her ill health. Joan is fond of him and consented to the adoption. He owns no property of any kind. In lieu of rent for his occupancy, he had made the payments of $35.52, due each month under the mortgage, out of his weekly earnings of about $90.

Since adoption was unknown to the common law, the right exists only by statute. The applicable statute conferring jurisdiction on the orphans' court in adoption proceedings, is the Act of April 4, 1925, P. L. 127, 1 PS §1, et seq., as amended. Section 2 of the 1925 Act as amended by the Act of June 30, 1947, P. L. 1180, 1 PS §2, in material respects, provides: "Consent to the adoption is necessary as follows: . . . (d) If the person proposed to be adopted has no father or mother living . . . then of the legal guardian, if any there be . . ."

Section 8(a) of The Wills Act, above referred to, authorizes the appointment of a guardian by will in this language: "Every person competent to make a will, being the sole surviving parent or adopting parent of any minor child unmarried, may appoint a testamentary guardian of the person or property or both of such child during his or her minority, or for any shorter period . . ." The spheres of authority of a guardian of the person and of a guardian of the estate are distinct and mutually exclusive. *Daniels v. Metro. Life Ins. Co.,* 135 Pa. Superior Ct. 450, 5 A. 2d 608. But in the present case we need not decide whether Helen O'Neill is the guardian of Joan's person or of her estate merely. For in either case her consent as guardian was essential to the jurisdiction of the court, under §2(d) of the 1925 Act, supra, as amended. We are not impressed with appellee's suggestion that the requirement in the Act of the consent of "the legal guardian" refers exclusively to a guardian appointed by the orphans' court and not to a testamentary guardian. We are unable to see a distinction. The authority for the appointment of

either class of guardian is statutory and both are legal guardians. That the legislature intended to put both classes of guardians on an even footing is clear and is further indicated by The Fiduciaries Act of June 7, 1917, P. L. 447, §59(k), as amended by the Act of May 6, 1931, P. L. 98, 20 PS §1071. That amendment provides that in *all* cases in the orphans' court "affecting the interest of a minor, notice of such proceedings shall be given to the guardian of such minor . `. . If such minor has no guardian appointed by an orphans' court of this Commonwealth, or by will probated within this Commonwealth, the orphans' court . . . shall appoint a guardian ad litem for such minor . . ." That a testamentary guardian is as much a guardian in law as one appointed by the orphans' court is the effect of the holding of *Robinson v. Zollinger*, 9 Watts 169. In that case an appointment of a guardian by the orphans' court was held to be a nullity while there was a testamentary guardian who had neither resigned nor been removed.

As to the merits, it is of some significance that the will of Joan's mother was executed more than two years prior to her death and the appointment of Helen O'Neill as Joan's guardian was never changed although she lived with the present petitioner until her death. Moreover, regardless of the good reputation of the petitioner in this case, it may be questioned whether the adoption of Joan by him would be in her best interest. By adoption he would take her as his daughter and heir but he would also acquire a right of inheritance from her in the event of her death during minority. She has property; he has none. Moreover, no provision has been made for the supervision of his household by an adult while Neal is at his work. But assuming that Joan's interests may not be affected adversely, the welfare of this child is not sufficient ground for a decree of adoption without the necessary consent of the child's guardian. *Petition of Sulewski et al.*, 113 Pa. Superior Ct. 301, 309, 173

A. 747. In an adoption proceeding the question of the welfare of the child is weighed only after the necessary consents have been given. *Schwab Adoption Case,* 355 Pa. 534, 50 A. 2d 504.

Decree reversed at appellee's costs.