Gregory A. ROCK, Appellant,

v.

Sally Ann PYLE, Trustee of the Trust of Susan Leigh Rock, for Brandi Sue Rock and Harvey Alan Rock, Minors, Appellee.

Superior Court of Pennsylvania.

Submitted April 22, 1998.

Filed Nov. 2, 1998.

138

William J. Schenck, Butler, for appellant.

Gordon D. Reynolds, Somerset, for appellee.

Daniel W. Rullo, Somerset, for Susan Leigh Rock, participating party.

Before McEWEN, President Judge, and TAMILIA and KELLY, JJ.

KELLY, Judge:

■ In this appeal, we are called upon to determine whether Appellant has standing in his own right to demand a formal accounting from the trustee of a life insurance trust, which was established for the benefit of the minor children by their mother during the marriage. Specifically, we must determine whether Appellant has standing simply because he is the children's father and because he must contribute to the trust pursuant to a valid postnuptial property settlement agreement. We conclude that Appellant lacks standing to demand an accounting under the facts of the case. Therefore, we hold that the trial court properly dismissed Appellant's petition to compel an accounting. Accordingly, we affirm.

Appellant, Gregory Rock, appeals from the November 4, 1997 order of Somerset County Court of Common Pleas, Orphans Court Division, which dismissed Appellant's petition to compel an accounting pursuant to 20 Pa. C.S.A. § 7181. We affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant and Intervenor (Susan Leigh Rock) were married on August 22, 1981. Two children were born of the marriage: Brandi Sue (born June 6, 1983) and Harvey Alan (born January 4, 1985). While the couple was married, Susan won the Pennsylvania State Lottery Super 7 and became entitled to approximately $260,000 per year. On November 27, 1991, Intervenor, as Settlor, established an irrevocable life insurance trust for the benefit of the couple's two minor children. As Settlor, she appointed her father, Jay W. Pyle, as individual trustee of the irrevocable trust. Upon his death, Intervenor's mother, Sally Ann Pyle, Appellee/Trustee, became the successor trustee of the children's trust, pursuant to the trust agreement.

As a result of marital difficulties, Appellant and Intervenor entered into a property settlement agreement, and were divorced on May 25, 1994. Pursuant to their property settlement agreement, Appellant and Intervenor agreed to divide the lottery proceeds, entitling each party to receive $130,661.32 annually, until September 5, 2015. Further, Appellant and Intervenor acknowledged the existence of the irrevocable life insurance trust that had previously been established for the benefit of the minor children. Both parties agreed to continue to make annual gifts to the trust in the amount of $10,000 for each of their minor children. The property settlement agreement also states: "[Intervenor] shall have primary custody of the parties' minor children and [Appellant] shall be permitted to have the right of reasonable visitation at times and places to be agreed upon by the parties. [Appellant] hereby agrees to provide [Intervenor] with 24 hours of advance notice of his intention to visit with the children, such that visitation arrangements can be completed." (Property Settlement Agreement at 6; R.R. at 70a).

Subsequently, Appellant informally requested accountings from Intervenor, as Settlor, and Appellee as Trustee. Intervenor and Appellee provided Appellant with an informal accounting, but did not provide a full formal accounting. Dissatisfied with the information he had received, Appellant filed a petition to compel an accounting, pursuant to 20 Pa.C.S.A. § 7181. The trial court issued a citation on the petition to compel an accounting, and set a date for a hearing on the matter.

On September 2, 1997, the trial court held a hearing on the petition. Counsel for the respective parties agreed that the facts of the case were not in dispute. Hence, no testimony was taken. Specifically, it was agreed that the irrevocable trust agreement purchased two $1,000,000.00 life insurance policies on the life of Intervenor/Settlor. For five years, Appellant and Intervenor timely and appropriately made payments of $20,000.00 each, pursuant to the terms of their property settlement agreement. Following their payments to the trust, the premiums for the insurance policies were paid out of the trust. The yearly premiums are $22,360.00. As of the date of the hearing, the balance of the trust contained approximately $88,900.00, less expenses. Appellee's counsel stated that Appellant had been informally provided with documentation relative to the funding of the trust accounts; copies of all of the checks that have been drawn; the issues of the annuities and how they are structured;

the payment date; the progression of the cash value of the policies; how payments from the trust were made; the total amount gifted to the trust; the total premiums paid and the final balance. Nevertheless, through the instant petition, Appellant asserted his legal entitlement to a more formal accounting which was then vigorously contested by Appellee. Despite his contractual obligation under the property settlement agreement, Appellant stated he would refuse to make his yearly gift to the trust account until he received a formal accounting. Following argument, the trial court dismissed Appellant's petition, finding that Appellant lacked standing to demand a formal accounting. On November 17, 1997, Appellant filed a motion for reconsideration, which the trial court subsequently denied. This timely appeal followed on December 4, 1997.

On appeal, Appellant raises the following issues for our review:

DOES A DIVORCED FATHER HAVING CUSTODY RIGHTS OF MINOR CHILDREN, HAVE THE RIGHT TO DEMAND AN ACCOUNTING FROM THE TRUSTEE OF A TRUST ESTATE ESTABLISHED FOR THE BENEFIT OF THE MINOR CHILDREN BY THEIR MOTHER AS THE SOLE INTERVENOR, DURING THE MARRIAGE, WHICH TRUST THE FATHER PARTIALLY FUNDED PRIOR TO THE DIVORCE AND AGREED TO CONTINUE TO PARTIALLY FUND IN A SUBSEQUENT PROPERTY AGREEMENT?

A. WHERE AN AGREEMENT PROVIDES THAT A TRUSTEE SHALL RENDER ANNUAL STATEMENTS "... TO THE GUARDIANS OF ANY MINOR BENEFICIARY WHO MAY THEN BE ENTITLED TO RECEIVE INCOME ...", DOES A FATHER WHO HAS CUSTODY RIGHTS OF [SIC] THE BENEFICIARIES HAVE THE RIGHT TO DEMAND AN ACCOUNTING FROM THE TRUSTEE?

B. DOES A PARENT HAVE THE INHERENT RIGHT AND OBLIGATION TO PROTECT THE PROPERTY OF MINOR CHILDREN INCLUDING THE RIGHT TO DEMAND AN ACCOUNTING OF A TRUST ESTABLISHED FOR THE BENEFIT OF HIS MINOR CHILDREN, WHICH HE PARTIALLY FUNDS BUT IN WHICH HE HAS NO DIRECT INTEREST?

(Appellant's Brief at 3).

■ Our standard of review in an equity matter is limited to a determination of whether the chancellor committed an error of law or an abuse of discretion. *Marchetti v. Karpowich*, 446 Pa.Super. 509, 667 A.2d 724, 726 (Pa.Super.1995) (citing *Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (Pa.Super.1988)).

The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. *Sprankle v. Burns*, 450 Pa.Super. 319, 675 A.2d 1287 (1996); *Hostetter v. Hoover, [supra]*. However, conclusions of law or fact, being derived from nothing more than the chancellor's reasoning from underlying facts and not involving a determination of credibility of witnesses are reviewable. *Sprankle*, 450 Pa.Super. at 322, 675 A.2d at 1288 (quoting *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.*, 282 Pa.Super. 526, 534, 423 A.2d 370, 374 (1980)).

*Soderberg v. Weisel*, 455 Pa.Super. 158, 687 A.2d 839, 842 (Pa.Super.1997). The test is not whether an appellate court would have reached the same result on the evidence presented but rather, whether a judge could reasonably have reached the conclusion of the trial court after due consideration of the evidence. *Bortz v. Noon*, 698 A.2d 1311, 1314 (Pa.Super.1997) (citing *School District of City of Harrisburg v. Pennsylvania Interscholastic Athletic Association*, 453 Pa. 495, 309 A.2d 353 (1973)). Importantly, the evidence must be viewed in the light most favorable to the prevailing party. *Bortz, supra* at 1315 (citing *Krobot v. Ganzak*, 194 Pa.Super. 49, 166 A.2d 311 (Pa.Super.1960)).

Appellant first asserts that he is entitled to a formal accounting from Appellee because Appellant has "custody rights" over the mi-

nor children. Appellant claims that as the father and natural guardian of the minor children, he stands in the shoes of the minor beneficiaries of the trust, and thus satisfies the requisite fiduciary relationship to demand an accounting as described in Paragraph 12 of the Trust Agreement. Further, Appellant points out that, because he makes significant monetary contributions to the trust, he has an indirect interest in the trust, referring to himself as an "incidental beneficiary" of the trust. Appellant maintains he has an inherent right to an accounting. Therefore, Appellant concludes, the trial court erred when it denied his petition to compel an accounting. We disagree.

Preliminarily we note that Appellant does not have "custody rights" to the minor beneficiaries. To the contrary, the property settlement agreement makes clear that Intervenor has primary custody of the minor children and Appellant's rights are limited to reasonable visitation only at times and places mutually agreed upon by the parties and subject to advance notice of Appellant's intention to exercise visitation rights. (*See* Property Settlement Agreement at 6; R.R. at 70a).

Second, Paragraph 12 of the Irrevocable Trust Agreement states:

Accounting by Trustees. The trustees shall maintain accurate accounts and records and shall render annual statements to the adult beneficiary or beneficiaries and to the Guardians of any minor beneficiary who may then be entitled to receive income showing receipts and disbursements of principle and income.

(Irrevocable Trust Agreement at 10; R.R. at 58a). With these facts of record in mind, we address Appellant's contentions.

Pennsylvania law defines a guardian as a person lawfully invested with the power, and charged with the duty, of taking care of the person and/or managing the property and rights of another person, who, for defect of age, understanding or self-control is considered incapable of administering his own affairs. *Daniels v. Metropolitan Life Insurance Company*, 135 Pa.Super. 450, 5 A.2d 608 (Pa.Super.1939). Two classes of guardians have long been recognized at law:

(1) guardian of the person being invested with the care of the person of the minor, and (2) guardian of the estate being entrusted with the control of the property of the minor. *Id.* 5 A.2d at 611. "The spheres of authority of a guardian of the person and of a guardian of the estate are distinct and mutually exclusive." *Ciaverelli v. Crime Victim's Compensation Board*, 153 Pa.Cmwlth. 639, 621 A.2d 1232, 1235 (Pa.Cmwlth.1993)(citing *Adoption of Frasch*, 165 Pa.Super. 74, 67 A.2d 830 (Pa.Super.1949)).

The guardian of the minor's person is the person having primary physical responsibility for the care and custody of the minor child. *Daniels, supra.* However, natural guardianship confers no inherent right to intermeddle with the property of the minor child, and the natural guardian has no inherent authority to demand or power to receive, hold or manage the minor's property unless the natural guardian has also been appointed as guardian of the minor's estate. *Id.*

Instantly, Appellant claims he is entitled to a formal accounting with respect to the trust fund of his minor children by virtue of his custody rights and his status as the children's father. However, under the relevant law, Appellant has no "inherent rights" regarding the property of his minor children. *See id.* Due to the divorce and custody agreement, Appellant is no longer the natural guardian of his children as he left the marital home and the children in the care and custody of Intervenor. *Id.* (*See also* Property Settlement Agreement at 6; R.R. at 70a.)

Moreover, Appellant has not been appointed guardian of the children's estate. To the contrary, under the property settlement agreement, Appellant is obligated to make certain yearly gifts to the irrevocable trust established for his children, which is under the care of a duly appointed Trustee. (*See id.* at 5; R.R. at 69a.) Hence, Appellant has not satisfied the requisite "guardian" relationship to his children to demand an accounting as provided for in Paragraph 12 of the Trust Agreement.

Additionally, we see that Appellant has brought this action on his own behalf only and not as an appointed guardian *ad*

# 142

*litem* or in the interest of the minor beneficiaries of the trust. Proceedings affecting a trust estate, whether brought by or against third parties, should include the beneficiary of the trust as a party, *see* 21 Standard Pennsylvania Practice § 115:56; because the beneficiary is the person for whose benefit the property is held in trust. *See* Restatement (Second) of Trusts § 3(4)(defining beneficiary). Thus, Appellant does not meet the necessary procedural requirements for actions relating to trusts.

An equitable accounting is improper where no fiduciary relationship exists between the parties, no fraud or misrepresentation is alleged, the accounts are not mutual or complicated, *or* the plaintiff possesses an adequate remedy at law. *Buczek v. First National Bank of Mifflintown,* 366 Pa.Super. 551, 531 A.2d 1122, 1124 (Pa.Super.1987)(citing *Ebbert v. Plymouth Oil Company,* 348 Pa. 129, 34 A.2d 493 (1943); *Shaw v. Newingham,* 279 Pa. 180, 123 A. 783 (1924); *Graham v. Cummings,* 208 Pa. 516, 532, 57 A. 943, 949 (1904)). Equitable jurisdiction does not exist simply because the petitioner desires information. *Buczek, supra.*

In the instant case, there are no facts of record to establish a fiduciary relationship between Appellant and Appellee as Trustee of the minor children's trust account. Appellant is neither the guardian of the person nor of the estate of the minor beneficiaries. Further, Appellant has not alleged any fraud or misrepresentation by Appellee. Finally, Appellant cannot be characterized as a beneficiary of the trust because his obligation under the Property Settlement Agreement is to make annual *irrevocable gifts* to the trust. (*See* Property Settlement Agreement at 6; R.R. at 69a.) Therefore, Appellant loses title to and interest in the funds upon the transfer. Given these circumstances, equity will not burden the trust to supply and absorb the cost of a formal accounting simply because Appellant is curious. Accordingly, Appellant's demand for an equitable accounting in this case is improper. *See Buczek, supra.*

A party seeking judicial resolution of a controversy must, as a prerequisite, establish that he has standing to maintain the action. *William Penn Parking Garage,*

*Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). Standing requires a party to have a substantial interest in the subject matter of the litigation; the interest must be direct; and the interest must be immediate and not a remote consequence. *Ken R. on Behalf of C.R. v. Arthur Z.,* 546 Pa. 49, 53, 682 A.2d 1267, 1270 (1996). The inquiry into standing ascertains whether a party is the proper party entitled to make the legal challenge to the matter involved. *In re Trust Under Agreement of Keiser,* 392 Pa.Super. 146, 572 A.2d 734, 736 (Pa.Super.1990) (citing *William Penn Parking Garage, Inc., supra; In Re: Elliott's Estate,* 388 Pa. 321, 323, 131 A.2d 357, 358 (1957)). A person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter. *Id.*

A trustee must file an accounting when directed to do so by the Orphans' Court division, and may file an account at any other time. 20 Pa.C.S.A. § 7181. The court may cite the trustee, on application of a person in interest, to file an account of the management of a trust estate. *Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). Further, a trustee must file an accounting upon the request of the beneficiary of the trust. *In Re Wheeler's Estate,* 287 Pa. 416, 135 A. 252 (1926). However, even the next of kin of a beneficiary of a trust has no interest in the trust, which would automatically entitle such person to demand that the trustee file an accounting. *Kuhler v. Hoover,* 4 Pa. 331 (1846). If, upon citation to file a formal account, the trustee acquiesces without challenge and provides a formal accounting to the next of kin of the beneficiary of the trust, then the trustee cannot be heard to argue that the next of kin lacks standing to demand a filing of an account. *Id.*

Here, Appellant has failed to establish any stake in the trust account for which he seeks an accounting as Appellant's contributions to the trust are designated as irrevocable gifts. Although information regarding the trust has been provided to Appellant in the past, no formal accounting has been made such that Appellant could reasonably assert acquiescence. Indeed, Appellee vigorously contested Appellant's present and first petition for a formal accounting. Furthermore, by virtue

of the divorce and terms of custody, Appellant is no longer his children's next of kin. *See Daniels, supra.*

 The minor beneficiaries of this trust are the only real parties in interest to the trust. *See Keiser, supra.* It is only to them or to a party acting on their behalf that Appellee must account. Appellant, on the other hand, is not a party in interest, is not the appointed guardian of the beneficiaries, nor is he acting on their behalf. Therefore, Appellant has no standing to demand an accounting under the facts of this case.[1]

Based upon the foregoing analysis, we hold that the trial court properly dismissed Appellant's petition to compel an accounting. Thus, we affirm.

Order affirmed.

---

1. Had Appellant's contributions to the irrevocable life insurance trust been made expressly under the Pennsylvania Uniform Transfers to Minors Act, 20 Pa.C.S.A. §§ 5301–5320, under certain circumstances, Appellant may have had a right to request an accounting. Pursuant to Section 5319(a), "an adult member of the minor's family ... may petition the court for: (1) an accounting by the custodian or the custodian's legal representative; ..." 20 Pa.C.S.A. § 5319(a)(1). However, careful review of both the trust agreement and the property settlement agreement reveals that neither document contains the requisite reference to the Act, which would invoke its rights and protections. *See* 20 Pa.C.S.A. § 5309 (dealing with manner of creating custodial property and effecting transfer).