J-A25017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AVERY MUSSO, BY AND THROUGH HER P/N/G ELIZABETH MUSSO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IJUMP SCRANTON, LLC, CIRCUSTRIX, LLC D/B/A DEFY, CIRCUSTRIX HOLDINGS, LLC AND SCRANTON STORAGE, LLC | : | No. 179 EDA 2024 |
| | : | |
| | : | |
| APPEAL OF: CIRCUSTRIX, LLC AND CIRCUSTRIX HOLDINGS, LLC | : | |

Appeal from the Order Entered December 2, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230600537

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 27, 2025**

Appellants, Circustrix, LLC d/b/a Defy, and Circustrix Holdings, LLC, appeal from the December 2, 2023 order entered in the Philadelphia County Court of Common Pleas denying their motion to compel arbitration and stay litigation in this personal injury action.  Appellants assert that the provision compelling non-binding arbitration is enforceable against Appellee, Avery Musso, by and through her mother, Elizabeth Musso.  After careful review, we are constrained to affirm.

The relevant facts and procedural history are as follows.  On April 20, 2022, Avery Musso, a minor, was injured while a patron of Defy Scranton, a

trampoline park ("Park"). That day, prior to using Park's trampoline facilities, Avery's mother, Elizabeth, digitally signed a participation agreement ("Agreement") on behalf of herself and Avery. The Agreement included a provision ("the Provision") titled "Mediation, Non-Binding Arbitration, and Venue," that provided, in relevant part, that "the parties agree to mediation and non-binding arbitration of any and all claims, disputes, and grievances[.]" Agreement, 4/20/22, at ¶ 7.

Avery suffered an injury while at Park and, notwithstanding the Provision, on June 6, 2023, Appellee filed a complaint asserting a cause of action for premises liability. On August 9, 2023, Appellants filed a petition to compel arbitration and stay litigation based on the Provision in the Agreement requiring the parties to first submit this matter to non-binding arbitration.

On August 29, 2023, Appellee filed an answer to the petition to compel arbitration, contending that the Agreement was unenforceable as to Avery because, as a minor, Avery was not competent to enter into the Agreement. Appellee also argued that this Court's recent decision in **Santiago v. Philly Trampoline Park, LLC**, 291 A.3d 1213 (Pa. Super. 2023), and **Shultz v. Sky Zone, LLC**, 291 A.3d 1213 (Pa. Super. 2023), *appeal granted sub nom*, 304 A.3d 331 (Pa. 2023)—where we held a binding arbitration agreement signed by a minor's parent unenforceable against the minor—bound the trial court to deny Appellants' petition.

On November 30, 2023, the trial court denied Appellants' petition to compel arbitration. This timely appeal followed.[1, 2]

Appellants raise the following issue for our review:

> Whether the [t]rial [c]ourt erred in finding that the mediation and non-binding arbitration provision set forth in the [Agreement] signed by minor Appellee's [m]other Elizabeth Musso cannot be enforced as to the claims of minor Appellee, such that minor Appellee may now disavow this mediation and non-binding arbitration provision and bring her claims—which fall squarely within the scope of the mediation and non-binding arbitration provision—before a court of law[?]

Appellants' Brief at 5.

## A.

When reviewing an order denying a petition to compel arbitration, "we employ a two-part test to determine whether the trial court" erred. *Fineman, Krekstein & Harris, P.C. v. Perr*, 287 A.3d 385, 389 (Pa. Super. 2022) (citation omitted). "First, we examine whether a valid agreement to arbitrate exists. Second, we must determine whether the dispute is within the scope of the agreement." *Id.* (citation omitted). "Whether a written contract includes an arbitration agreement and whether the parties' dispute is within the scope of the arbitration agreement are questions of law subject to this Court's plenary review." *In re Estate of Atkinson*, 231 A.3d 891, 898 (Pa. Super. 2020).

_____

[1] This interlocutory order is appealable as of right pursuant to Pa.R.A.P. 311(a)(8) and 42 Pa.C.S. § 7320(a)(1).

[2] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement.

Both Pennsylvania and federal law impose a strong public policy in favor of enforcing arbitration agreements. Accordingly, if a valid agreement to arbitrate exists and the dispute falls within the scope of the arbitration agreement, the dispute must be submitted to arbitration and the [trial] court's denial of arbitration must be reversed.

*Id.* (citations omitted); *see also Davis v. Ctr. Mgmt. Grp., LLC*, 192 A.3d 173, 183 n.13 (stating that, "[o]ur Supreme Court [in *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 509 (Pa. 2016)] has instructed courts to 'consider questions of arbitrability with a healthy regard for the federal policy favoring arbitration'").

**B.**

The trial court, relying on *Santiago*, denied the petition to compel arbitration and stay litigation. Appellants contend that the trial court's reliance on *Santiago* is misplaced because this case is distinguishable from *Santiago*.[3] Appellants' Brief at 15-17. In particular, Appellants assert that, because this case concerns enforcement of an agreement to submit disputes to **non-binding** arbitration and not binding arbitration, the holding in *Santiago* does not apply. *Id.* Appellants emphasize that, unlike binding arbitration, the mediation and non-binding arbitration requirement in the Provision does not prevent Appellee from later filing her claim in the Court of Common Pleas. *Id.* at 16.

In *Santiago*, and its companion case, *Shultz*, this Court considered, *inter alia*, whether the defendant could enforce against a minor a binding

---

[3] Appellants do not dispute that Appellee's claims fall within the scope of the Provision. Appellants' Brief at 15.

arbitration agreement that a parent entered into on behalf of a minor child. 291 A.3d at 1224. In analyzing this issue, the ***Santiago*** Court explained that Pennsylvania law has identified two distinct and mutually exclusive, classes of guardians: "(1) guardian of the person being invested with the care of the person of the minor, and (2) guardian of the estate being entrusted with the control of the property of the minor." ***Id.*** (citation omitted). The Court noted that, although "parents have intrinsic rights and responsibilities as the natural guardians of their minor children[,]" they have "no inherent right to intermeddle with the property of the minor child . . . unless the natural guardian has also been appointed as guardian of the minor's estate." ***Id.*** at 1225 (citations omitted).

The Court then reiterated the well-settled understanding that "a cause of action is property," and noted that "a parent has a natural and primary right to bring an action, as guardian, on behalf of his or her child." ***Id.*** (citations omitted). Nevertheless, "a minor's representation is subject to the trial court's control and supervision" and "no action to which a minor is a party shall be compromised, settled[,] or discontinued except after approval by the court[.]" ***Id.*** (citations omitted).

The ***Santiago*** Court construed the trial court's oversight function in litigation matters involving minors as having "the significant effect of transforming the parent's role from that of a natural guardian into, in essence, a court-approved guardian who has authority to make decisions about the minor's estate, not merely the child's person." ***Id.*** at 1229. Given that, the

Court reasoned that an agreement executed by a minor's parent without the court's involvement "has none of the legal safeguards attendant to the appointment of a guardian of the minor's estate" and that "parents in their pre-litigation state of natural guardianship lack[] any authority to manage the estate of their minor children." **Id.** (citing **Rock v. Pyle**, 720 A.2d 137, 141 (Pa. Super. 1998) ("Natural guardianship confers no inherent right to intermeddle with the property of the minor child, and the natural guardian has no inherent authority to demand or power to receive, hold[,] or manage the minor's property **unless the natural guardian has also been appointed as guardian of the minor's estate**." (emphasis in original)). Accordingly, the Court held that the statuses of the natural guardians of the minor plaintiffs in **Santiago** "did not *ipso facto* grant them the authority to bind their minor children to an arbitration agreement." **Id.** Therefore, the Court affirmed the orders of the trial court, which held unenforceable the arbitration agreements into which the parents of the minors entered.

As in **Santiago**, there is no evidence in this case that any court had approved Avery's mother, Elizabeth, as guardian of Avery's estate prior to Elizabeth entering into the Provision. Thus, for the same reasons as this Court set forth in **Santiago**, Elizabeth lacked the authority to bind Avery to an arbitration agreement. Because the basis for the **Santiago** Court's holding is grounded in the distinction between the authority of a parent as natural guardian and the lack of *de facto* authority as guardian of the estate of her minor child, the nature of the arbitration agreement as either **binding** or **non-**

- 6 -

**binding** is immaterial to our analysis. We are, therefore, constrained to affirm the order of the trial court denying Appellants' petition to compel arbitration and stay litigation.[4]

Order affirmed.

Judge Olson joins the memorandum.

Judge Sullivan notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/27/2025

_____

[4] As noted above, ***Santiago*** is currently on appeal before the Pennsylvania Supreme Court. In light of the similarities between ***Santiago*** and the instant case, we urge the Supreme Court to grant Appellants' petition for allowance of appeal, if filed, so that either this Court (on remand) or the Supreme Court will apply the Supreme Court's decision in ***Santiago*** to the instant case.