J-A21036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TRUST OF JOHN S. MIDDLETON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: JOHN S. MIDDLETON | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2449 EDA 2022 |

Appeal from the Order Entered August 25, 2022
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s):  2020-X0633

BEFORE:  BENDER, P.J.E., LAZARUS, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED MARCH 21, 2024**

John S. Middleton ("Settlor") appeals from the order entered on August 25, 2022, in the Court of Common Pleas of Montgomery County Orphans' Court, sustaining preliminary objections to the answer and new matter filed by Settlor in response to a petition to declare an attempted trustee appointment and change of situs void and invalid *ab initio*.  After careful review, we are constrained to quash the appeal.

We glean the following relevant facts and procedural history from the record.  Settlor established an *inter vivos*, irrevocable trust under an agreement dated March 3, 2002 ("Trust Agreement"), naming Larry P. Laubach ("Laubach") as the trustee.  Orphans' Court Opinion ("OCO"), 11/18/22, at 3.  Under the Trust Agreement, Settlor retained an annuity interest for two years.  At the conclusion of the two-year period, the trust was divided into two equal trusts — one for the benefit of Settlor's son, John P.

Middleton ("John P."), and the other for the benefit of Settlor's daughter, Frances B. Middleton. *Id.* at 4.[1] The Trust Agreement grants Settlor no interest in the Trust created for John P.'s benefit, other than the limited right to appoint a "non-family member" successor trustee in the event that Laubach should become unable to serve. *Id.* at 5. *See also id.* at 8 (noting that Settlor "expressly relinquished any right to revoke or modify the [T]rust").

On February 5, 2020, Laubach was removed from his position as trustee. The following day, Settlor exercised the sole power he retained with respect to the Trust and appointed Patrick J. Riley ("Riley") as Laubach's successor trustee.[2] Subsequently, Riley executed a document in which he purportedly appointed Bridgeford Trust Company ("Bridgeford") as a co-trustee and, together, Riley and Bridgeford changed the situs of the Trust from Pennsylvania to South Dakota. *Id.* at 7.

On February 14, 2020, John P. filed a petition seeking a declaratory judgment that Riley's purported appointment of Bridgeford and their attempted change of situs are void and invalid *ab initio* ("Declaratory Judgment Petition"). *Id.* at 3.[3] Settlor filed an answer and new matter to the

---

[1] This matter pertains only to the trust created for the benefit of John P., which is referred to herein as "the Trust."

[2] We emphasize that Settlor's appointment of Riley is not in dispute.

[3] The crux of John P.'s claim is that, in accordance with the Trust Agreement, he became a co-trustee when he reached the age of 30 in 2014 and, consequently, Riley did not have the authority to appoint Bridgeford or change the situs of the Trust on February 6, 2020, without his consent. *See* Declaratory Judgment Petition, 2/14/20, at ¶¶ 5, 7, 34-38, 42-44.

Declaratory Judgment Petition, in which he countered that Bridgeford's appointment and the change of situs to South Dakota were, indeed, valid, as Riley was the sole trustee at the time and did not need John P.'s consent. Settlor's Answer and New Matter, 12/09/20, at ¶¶ 73-77. ***See also id.*** at ¶¶ 6-7, 63-69 (denying John P.'s claim that he properly accepted the position of trustee in 2014); ***id.*** at ¶ 52 (averring that John P. did not become a co-trustee until February 18, 2020).

John P. filed preliminary objections to Settlor's answer and new matter, arguing that Settlor does not have standing to participate in the proceeding regarding his Declaratory Judgment Petition. OCO at 4. ***See also*** Preliminary Objections, 12/29/20, at ¶ 11 (noting that neither Settlor's right to appoint Laubach's successor trustee nor his appointment of Riley are at issue here); ***id.*** at ¶ 12 ("Settlor's narrow right to fill a trustee vacancy … does not give Settlor an interest in the … Trust … sufficient to permit him to participate in proceedings regarding the administration of the Trust."); ***id.*** at ¶ 17 (asserting that Settlor has no "substantial, direct[,] or immediate interest in the Petition" and that Settlor "would not be adversely affected in any cognizable way" by the granting of said Petition). Settlor filed a response to the preliminary objections, in which he admitted that he established the irrevocable Trust for the benefit of John P. and that he is not a beneficiary of the Trust. Answer to Preliminary Objections, 1/19/21, at ¶¶ 2, 5. However, Settlor averred that he has a statutory right to enforce the Trust under the Uniform Trust Act ("UTA"), 20 Pa.C.S. §§ 7701-7790.3, which he claimed gives him standing to file an

answer to the Declaratory Judgment Petition. *Id.* at ¶¶ 5, 12. After providing the parties with an opportunity to brief the issue of Settlor's standing, the orphans' court entered an order on August 25, 2022, *inter alia*, sustaining John P.'s preliminary objections and striking Settlor's answer and new matter. OCO at 4-5.

Settlor filed a timely appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The orphans' court filed a responsive Rule 1925(a) opinion on November 18, 2022. Herein, Settlor presents the following sole issue for our review:

> Whether the orphans' court erred as a matter of law in sustaining the procedurally improper preliminary objections and striking Settlor's answer and new matter where Settlor was a party in interest to the declaratory judgment action under the [UTA] and had the right to enforce the terms of the Trust he created?

Settlor's Brief at 12 (unnecessary capitalization omitted).

In its Rule 1925(a) opinion, the orphans' court opined that the order from which Settlor appeals is an interlocutory, non-appealable order. Consequently, it urges this Court to quash the appeal. *See* OCO at 1-3. Ergo, we issued a rule on December 7, 2022, directing Settlor to show cause why the August 25, 2022 order is appealable. Settlor filed a timely response stating that the order is appealable under Pa.R.A.P. 342(a)(4), (5), (6), (8), and Pa.R.A.P. 313. By *per curiam* order dated January 4, 2023, the rule to show cause was discharged, allowing the appeal to proceed. *See Per Curiam* Order, 1/4/23 (single page) (notifying the parties that the ruling is not binding

on this Court as a final determination of the propriety of the appeal and that the issue of appealability may be revisited by the merits panel).

Hence, we begin our review by examining whether this appeal is properly before us, as "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **See Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa. Super. 2009) (citing **Mother's Restaurant Inc. v. Krystkiewicz**, 861 A.2d 327, 331 (Pa. Super. 2004)). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id.** (citing **Kulp v. Hrivnak**, 765 A.2d 796, 797 (Pa. Super. 2000)). It is well-settled that "[a]n appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." **In re Estate of Cella**, 12 A.3d 374, 377 (Pa. Super. 2010) (citations and quotation marks omitted).

Instantly, the order from which Settlor appeals is not a final order, as the issues raised in the underlying Declaratory Judgment Petition remain pending before the orphans' court. **See** Pa.R.A.P. 341 (defining "final order" as one that "disposes of all claims and of all parties"); OCO at 1-2 (explaining that its order sustaining the preliminary objections on the basis that Settlor lacks standing did not resolve the underlying petition and that the issues regarding the validity of Riley's purported appointment of Bridgeford and the attempted situs change remain pending). Moreover, we observe that the order in question was not certified as a final order in accordance with Pa.R.A.P.

- 5 -

341(c), nor did Settlor seek permission to appeal the order pursuant to Pa.R.A.P. 312.

Next, we consider whether the August 25, 2022 order is appealable as of right. Rule 342 of the Pennsylvania Rules of Appellate Procedure governs the appealability of interlocutory orphans' court orders and provides, in relevant part:

> **(a)** **General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>
> (2) An order determining the validity of a will or trust;
>
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
>
> (4) An order interpreting, modifying, reforming or terminating a trust;
>
> (5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
>
> (6) An order determining an interest in real or personal property;
>
> (7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or
>
> (8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

We agree with the orphans' court that its August 25, 2022 order does not fall within any of the categories enumerated in Rule 342(a). **See** OCO at 3. Nonetheless, because Settlor claims in his response to our rule to show cause that the order is immediately appealable as of right pursuant to subsections (a)(4), (5), (6), and (8) of this Rule, we address these provisions in further detail herein. Initially, Settlor surmises that the orphans' court "interpreted" the Trust Agreement in reaching its conclusion that he lacked standing to file a response to the Declaratory Judgment Petition. Response Letter, 12/21/22, at 3. He further avers that the UTA entitles him to information regarding the Trust's administration[4] and permits him to seek removal of a trustee.[5] **Id.** (citations omitted). Yet, Settlor maintains that, despite these provisions, the orphans' court "determined [his] status under the Trust" and found that he had "no interest in the Trust or its assets[.]" **Id.** He therefore concludes that subsections (a)(4), (5) and (6) apply. We disagree.

First, we reject Settlor's contention that the August 25, 2022 order constitutes "[a]n order interpreting … a trust[.]" **See** Pa.R.A.P. 342(a)(4). To the contrary, the order in question sustained John P.'s preliminary objections on the grounds that "Settlor lacks standing to respond to [the Declaratory

---

[4] **See** 20 Pa.C.S. § 7780.3(a) ("A trustee shall promptly respond to a reasonable request by the settlor of a trust … for information related to the trust's administration.").

[5] **See** 20 Pa.C.S. § 7766(a) ("The settlor … may request the court to remove a trustee….").

Judgment] Petition." Order, 8/25/22, at ¶ 1. The orphans' court was not required to "interpret" the Trust Agreement in reaching its decision. As John P. set forth in his objections:

> "Standing requires a party to have a substantial interest in the subject matter of the litigation; the interest must be direct; and the interest must be immediate and not a remote consequence." **Rock v. Pyle**, 720 A.2d 137, 142 (Pa. Super. 1998).… "[A] person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain judicial resolution of his challenge." **Wm. Penn Parking Garage, Inc. v. City of Pittsburgh**, 346 A.2d 269, 280 ([Pa.] 1975).

Preliminary Objections at ¶ 16. John P. further averred in his preliminary objections that Settlor has no beneficial interest in the Trust; that neither Settlor's right under the Trust Agreement to appoint a trustee nor his exercising of that right to appoint Riley are at issue in this matter; that the underlying petition seeks a declaration that Riley's appointment of Bridgeford and their attempted change of situs are void *ab initio*; that Settlor does not have a substantial, direct, or immediate interest in the outcome of the Declaratory Judgment Petition; and that Settlor would not be adversely affected by the granting of said petition. *Id.* at ¶¶ 5, 11-12, 17.

In response, Settlor admitted that he is not a beneficiary of the Trust, but denied having "no interest" in the Trust. Answer to Preliminary Objections at ¶ 5. Significantly, Settlor does not point to any specific terms of the Trust Agreement — other than his limited right to appoint Laubach's successor trustee — which grant him an interest in the Trust or that would permit him to participate in the underlying proceeding. He only avers that he has a

"**statutory right** to … enforce the … Trust…." *Id.* at ¶ 12 (emphasis added). *See also id.* (stating that his right to enforce the Trust under 20 Pa.C.S. § 7780.3 "grants him standing to participate in the proceedings"); Memorandum of Law in Opposition to Preliminary Objections, 2/1/21, at 15 (asserting that Settlor also has a statutory right to seek removal of a trustee under 20 Pa.C.S. § 7766(a)). Thus, there is no dispute between the parties requiring the court's "interpretation" of the Trust Agreement.

Instead, it is evident that the orphans' court's determination regarding Settlor's standing was largely based on its analysis of the statutory rights asserted by Settlor. *See* OCO at 14-15 (explaining that Settlor's reliance on Section 7780.3 to support his position that he has standing to participate in the proceedings is misplaced); *id.* at 15-16 (concluding that a settlor's right to seek removal of a trustee under Section 7766(a) does not confer upon Settlor standing in the proceeding currently pending before the orphans' court). *See also id.* at 16-17 (opining that "Settlor cannot bootstrap the right to request removal of a trustee under [Section] 7766(a) to expand his standing to allow him to participate in other proceedings concerning the Trust"). Based on the foregoing, we conclude that the order from which Settlor appeals does not fall within Rule 342(a)(4).

As to Settlor's assertion that the order is appealable under subsection (a)(5) because the order "determined Settlor's status," we note that (a)(5) expressly applies only to orders determining the status of "fiduciaries, beneficiaries, or creditors[.]" Pa.R.A.P. 342(a)(5). Settlor makes no claim

that he is a fiduciary, beneficiary, or creditor of the Trust, nor are there any facts of record to establish him as such.[6]  Likewise, we reject Settlor's claim that the order determined an interest in Trust assets and is therefore appealable under subsection (a)(6).  The August 25, 2022 order made no determination regarding the assets of the Trust.  To the contrary, it merely determined that Settlor has no standing to participate in John P.'s petition regarding the validity of Riley's purported appointment of Bridgeford as a co-trustee and their subsequent attempt to change the situs of the Trust to South Dakota.  Moreover, we observe that Settlor has made no claim to any Trust assets.

Additionally, Settlor argues that Rule 342(a)(8) is applicable, which provides that an orphans' court order "is immediately appealable when it is otherwise appealable under Chapter 3 of the Rules of Appellate Procedure." Response Letter at 4 (citing Pa.R.A.P. 342(a)(8)).  By way of this catchall provision, Settlor points to Rule 311(a)(8), which states that an interlocutory order is appealable as of right if it is made final by statute or general rule.  ***Id.*** (citing Pa.R.A.P. 311(a)(8)).  He then puzzlingly suggests that the preliminary objections were "part of [John P.'s] request for declaratory relief[;]" that the order sustaining the preliminary objections was therefore an award of "that

---

[6] ***See*** 20 Pa.C.S. § 102 (defining "fiduciary" as including "personal representatives, guardians, and trustees, whether domiciliary or ancillary, individual or corporate, subject to the jurisdiction of the orphans' court division"); Answer to Preliminary Objections at 2 ¶ 5 (Settlor's admitting that he is not a beneficiary of the Trust); OCO at 3 (indicating that John P. is the sole current beneficiary of the Trust).

declaratory relief regarding Settlor's status and rights under the [Trust Agreement] and the [UTA;]" and concludes that the order had "the force and effect of a final judgment or decree" under Section 7532 of the Declaratory Judgment Act, 42 Pa.C.S. §§ 7531-7541. *Id.* (citing 42 Pa.C.S. §§ 7532, 7533, 7535). In doing so, we believe that Settlor misconstrues the nature of the order from which he appeals.

The orphans' court's August 25, 2022 order made no declaration regarding Settlor's "status or rights" under the Trust Agreement or the UTA. It merely made the threshold determination that Settlor does not have standing to participate in the underlying proceeding. The issues raised in the Declaratory Judgment Petition remain pending. No final judgment or decree has been entered. Thus, we remain unconvinced that Rule 342(a)(8) applies here.

Finally, Settlor claims that the August 25, 2022 order is appealable as a collateral order under Pa.R.A.P. 313.

> A "collateral order" is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "All three elements must be satisfied to permit review of an interlocutory appeal under the collateral order rule." *Jacksonian v. Temple University Health System Foundation*, 862 A.2d 1275, 1279 (Pa. Super. 2004).

*In re Estate of Moskowitz*, 115 A.3d 372, 389 (Pa. Super. 2015). The collateral order doctrine must be narrowly applied. *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999) (citing *Digital Equipment Corporation v.*

***Desktop Direct, Inc.***, 511 U.S. 863, 868 (1994)). Our Supreme Court has further emphasized that "[c]laims must be analyzed not with respect to the specific facts of the case, but in the context of the broad public policy interests that they implicate. **Only those claims that involve interests deeply rooted in public policy can be considered too important to be denied review.**" ***Id.*** (emphasis added; internal quotation marks and citation omitted).

The order from which Settlor appeals does not meet all three prongs necessary to establish a collateral order. While the order may be separable from the merits of the underlying issues raised in the Declaratory Judgment Petition, we cannot say that Settlor's claim involves interests deeply rooted in public policy. Rather, resolution of this matter is only important to the parties involved in this litigation. ***See Jacksonian***, 862 A.2d at 1280 (explaining that, in determining whether the importance prong of the collateral order doctrine is met, "it is not sufficient that the issue be important to the particular parties…[. I]t must involve rights deeply rooted in public policy going beyond the particular litigation at hand.") (citation omitted). Hence, the instant order fails the importance prong of the collateral order rule. Because an order must satisfy all three prongs of the rule to qualify as a collateral order, ***see id.*** at 1282, we do not need to address the third prong.

Based on the foregoing, we conclude that the orphans' court's August 25, 2022 order is interlocutory and that the instant appeal is not properly before us. Accordingly, we are constrained to quash Settlor's appeal.

Nevertheless, even if we were to reach the merits of Settlor's claim, we would affirm the orphans' court's ruling that Settlor has no standing to file a responsive pleading to the Declaratory Judgment Petition. Notably, "[t]hreshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." ***Rellick-Smith v. Rellick***, 147 A.3d 897, 901 (Pa. Super. 2016) (quoting ***Johnson v. Am. Std.***, 8 A.3d 318, 326 (Pa. 2010)).

> In Pennsylvania, the doctrine of standing … is a prudential, judicially created principle designed to winnow out litigants who have no direct interest in a judicial matter. ***In re Hickson***, … 821 A.2d 1238, 1243 ([Pa.] 2003)…. For standing to exist, the underlying controversy must be real and concrete, such that the party initiating the legal action has, in fact, been "aggrieved." … [T]he core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not "aggrieved" thereby and has no standing to obtain a judicial resolution to his challenge. A party is aggrieved for purposes of establishing standing when the party has a substantial, direct and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

***Id.*** (quoting ***Office of Governor v. Donahue***, 98 A.3d 1223, 1229 (Pa. 2014)).

We have assessed the detailed and well-reasoned opinion of the Honorable Lois E. Murphy of the Court of Common Pleas of Montgomery County, Orphans' Court Division. Judge Murphy's opinion thoroughly explains her basis for finding that Settlor lacks standing to participate in the underlying

proceeding and for sustaining John P.'s preliminary objections. **See** OCO at 5-17. Specifically, Judge Murphy addresses Settlor's lack of standing under both Pennsylvania case law and the UTA. After considering relevant case law, she concludes that Settlor will not be impacted in any way by the outcome of the declaratory judgment proceedings, as he has no substantial, direct, or immediate interest in the Trust. **Id.** at 5-11. Additionally, Judge Murphy considers the UTA's recognition of a settlor's ability to participate, in limited circumstances, in the ongoing administration of non-charitable irrevocable trusts. **See id.** at 12-17 (citing, *inter alia*, 20 Pa.C.S. §§ 7780.3(a), 7766(a)). However, she determines that none of these circumstances are applicable here. **Id.** at 12.[7] Judge Murphy's decision is supported by ample, competent evidence in the record, and we would discern no error of law or abuse of

---

[7] We note that the orphans' court's ruling that Settlor lacks standing to file a response to the Declaratory Judgment Petition does not prevent Settlor from filing a petition under 20 Pa.C.S. § 7766(a), to seek the removal of a trustee. **See** OCO at 16 ("In his filings before the [o]rphans' [c]ourt, Settlor questions John P.'s status as a trustee … and implies that he may want to petition to remove John P. as co-trustee of the Trust pursuant to [Section] 7766(a)."); *id.* (acknowledging that "Settlor has standing under [Section] 7766(a) to file a request to remove John P. as co-trustee[,]" and noting that "Settlor has not, to date, filed such a petition"). Nor does it prevent Settlor from making (or seeking enforcement of) a reasonable request for information concerning the administration of the Trust, pursuant to 20 Pa.C.S. § 7780.3(a). **See** Settlor's Memorandum of Law in Opposition to Preliminary Objections, 2/1/21, at 7 (indicating that Settlor made a written demand on March 9, 2020, pursuant to 20 Pa.C.S. § 7780.3(a), seeking "any and all documents … relating to … John P.'s alleged acceptance of his appointment as co-trustee of the Trust[;]" however, his request was denied). **See also** OCO at 17 (acknowledging that "[i]f a dispute arises concerning Settlor's request, Settlor may bring the matter before the court by a petition to compel[,]" but noting that "to date, he has not done so").

discretion. Accordingly, we would adopt her opinion as our own, and we would affirm the order sustaining the preliminary objections.

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2024

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
**ORPHANS' COURT DIVISION**

**NO. 2020-X0633**

**IN RE: TRUST OF JOHN S. MIDDLETON, SETTLOR DATED MARCH 3, 2003,
FOR THE BENEFIT OF JOHN P. MIDDLETON**

**OPINION FILED PURSUANT TO Pa. R.A.P. 1925(a)**

**MURPHY, A.J.**                                                  **November 18, 2022**

## I. PRELIMINARY STATEMENT

John S. Middleton, Settlor of the Trust dated March 3, 2003, for the benefit of John P. Middleton (hereinafter the "Trust"), appeals from this Court's order dated August 25, 2022, granting preliminary objections to his filings in response to petitions, on the ground that the settlor of the Trust lacks standing with respect to the pending matters. This order is neither a final order under Pa. R.A.P. 341, nor an appealable Orphans' Court order under Pa. R.A.P. 342, nor a collateral order under Pa. R.A.P. 313.

There is no question that this order, granting preliminary objections on the basis of a lack of standing of the settlor of a trust, is a not a final order disposing of all claims with respect to all parties. In this case the court has been asked to declare as void and invalid (1) an allegedly improper appointment of a trustee, and (2) a purportedly improper change of situs of the trust from Pennsylvania to South Dakota. These two

1

issues remain pending, and have not been resolved by the order granting preliminary objections on the basis of the lack of standing of the settlor of the trust.

No application for determination of finality was filed with this Court under Pa. R.A.P. 341(c), and this Court did not make a determination that this order is a final order.

Nor is the August 25, 2022 order appealed from a collateral order, which is defined as an order that is "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b).

The order appealed from also is not an Appealable Orphans' Court Order under PA. R.A.P. 342. *See, Estate of McAleer*, 194 A.3d 587 (Pa. Super. 2018). Pa.R.A.P. 342(a) provides as follows:

Rule 342. Appealable Orphans' Court Orders.

(a) General rule. An appeal may be taken as of right from the following orders of the Orphans' Court Division:
(1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
(2) An order determining the validity of a will or trust;
(3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
(4) An order interpreting, modifying, reforming or terminating a trust;
(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;
(6) An order determining an interest in real or personal property;
(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or
(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a).

2

This Court's order of August 25, 2022, plainly is not one of the types of orders itemized in Pennsylvania Rule of Appellate Procedure 342, as this order does not confirm an account, authorize a distribution from a trust or estate, determine the validity of a will or trust, interpret a will or trust, modify or reform or terminate a trust, determine the status of fiduciaries, beneficiaries or creditors in an estate or trust, or determine an interest in real or personal property. Nor does this order follow an inheritance tax appeal.

This order is an interlocutory order, and, pursuant to Pa.R.A.P. 312, 313, 341, and 342, appellant has no right to appeal this order without a determination of finality or without permission of the Superior Court. Therefore, this Court respectfully suggests that the instant appeal should be quashed. Nevertheless, in the event that the Superior Court considers the merits of this appeal, this Court provides the following opinion.

## II. BACKGROUND

On February 14, 2020, John P. Middleton ("John P."), co-trustee and beneficiary of the Trust of John S. Middleton, Settlor, dated March 3, 2003, for the benefit of John P. Middleton ("2003 Trust" or "Trust") filed a Petition to Declare that Attempted Trustee Appointment and Change of Situs Are Void and Invalid *Ab Initio* ("Declaratory Judgment Petition"). The Trust is an irrevocable trust created by John S. Middleton, Settlor, ("Settlor") for the benefit of his son, John P. John P. is the sole current beneficiary of the Trust.

Preliminary objections were filed to the Declaratory Judgment Petition (filed in Montgomery County) based on the pendency of a prior action in the Court of Common Pleas of Philadelphia County, Orphans' Court Division.[1] This Court (Court of Common

---

[1] Separate sets of preliminary objections were filed by Settlor, by Frances B. Middleton, Settlor's daughter and a remote contingent beneficiary of the Trust, and by Patrick J. Riley, a co-trustee of the Trust.

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Pleas of Montgomery County, Orphans' Court Division) overruled the preliminary objections after being advised that the Orphan's Court Division of the Court of Common Pleas in Philadelphia had dismissed the Philadelphia action without prejudice to the parties refiling in Montgomery County.

Under the Trust Agreement, Settlor retained an annuity interest for two years. In 2005, at the conclusion of the initial two-year period, the 2003 Trust was divided into two trusts: one continuing trust for the benefit of Settlor's son, John P., and one for the benefit of Settlor's daughter, Frances B. Middleton ("Frances"). The Order appealed from relates to the petitions pending in the Montgomery County Orphans' Court Division concerning the trust for the benefit of John P. Middleton.

The Trust provides that the trustees may, from time to time, pay to, or expend for the benefit of, John P. and his issue as much of the income and principal of the Trust as trustees, in their absolute discretion, may deem appropriate to provide for such beneficiaries' education, medical care, or support in reasonable comfort. John P. is currently not married and has no issue and thus is the sole current beneficiary of the Trust.

On December 9, 2020, Settlor filed an answer and new matter to the Declaratory Judgment Petition. John P. filed preliminary objections asserting that Settlor does not have standing to participate in the proceeding. Settlor filed an answer to the preliminary objections. On December 24, 2020, the Court issued an order allowing any party wishing to be heard to brief the issue of whether Settlor has standing to file answers and other pleadings with respect to the outstanding petitions relating to the 2003 Trust and a separate Trust of John S. Middleton, Settlor, dated July 26, 1996, for the benefit of John

4

P. Middleton ("1996 Trust"). The standing of Settlor with respect to the 1996 Trust is not at issue in the instant appeal.[2]

By order dated August 25, 2022, this Court determined that Settlor does not have standing to participate in the pending proceedings concerning the 2003 Trust and ordered that the answer and new matter filed by Settlor to the Declaratory Judgment Petition be stricken. Settlor has appealed the August 25, 2022 order. The Court determined that Settlor did not retain any interest in the trusts created under the 2003 Trust Agreement after expiration of the GRAT period in 2005, other than the right to appoint a "non-family member" as successor trustee if Larry P. Laubach (or any successor to him) becomes unable to serve,[3] and that Settlor has no substantial, direct or immediate interest in the outcome of any of the pending proceedings pertaining to the Trust and, as such, lacks standing to participate in the proceedings.

## III. SETTLOR LACKS STANDING UNDER PENNSYLVANIA CASE LAW; SETTLOR DID NOT RETAIN ANY INTEREST IN THE TRUST

A party seeking judicial resolution of a controversy must establish that he or she has standing to maintain the action. *Pittsburgh Palisades Park v. Com.*, 888 A.2d 665, 659 (Pa. 2005); *Rock v. Pyle*, 720 A.2d 137, 142 (Pa. Super. 1998) (citing *William. Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269 (Pa. 1975)). Standing requires that a party have an interest that is substantial, direct, and immediate. *Pittsburgh Palisades Park v. Com.*, 888 A.2d at 660. Standing is a "prudential, judicially-created

---

[2] On August 3, 2022, John S. Middleton filed a notice of appeal to the Superior Court of the Orphans' Court order dated July 7, 2022, in *In re: Trust of John S. Middleton, Settlor, dated July 26, 1996, sur Trust for John P. Middleton* (Montg. O.C. No. 2018-X3959). The July 7, 2022 order included, *inter alia*, a ruling that John S. Middleton does not have standing to participate in pending proceedings concerning the 1996 Trust.

[3] *See*, 2003 Trust at Item SIXTEENTH.

5

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

tool meant to winnow out those matters in which the litigants have no direct interest in pursuing the matter". *In re Hickson*, 821 A.2d 1238, 1243 (Pa. 2003).

For an interest to be substantial, "there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d at 282. A "direct" interest requires that the party establish that the challenged conduct directly causes harm to his interest. *Id.; Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016); *In re Hickson*, 821 A.2d at 1243. A party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative. *Rellick-Smith v. Rellick*, 147 A.3d 897, 901 (Pa. Super. 2016) (citing *Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014)); *Pittsburgh Palisades Park v. Com.*, 888 A.2d at 660.

"The keystone to standing in these terms is that the person must be negatively impacted in some real and direct fashion. If the individual 'is not adversely affected in any way by the matter he seeks to challenge [, he] is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge.'" *Pittsburgh Palisades Park v. Com.*, 888 A.2d at 660, quoting *In re Hickson*, 821 A.2d at 1243; *see also, William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d at 280-281; *Markham v. Wolf*, 136 A.3d at 140.

Settlor has not alleged facts that establish that he is aggrieved, i.e., that he has a substantial, direct, and immediate interest in the outcome of the pending proceedings, and critically, that he would be adversely impacted or substantially harmed by the Court's resolution of the pending proceedings.

Although Settlor created the Trust, this Trust is an irrevocable trust and Settlor did not retain any beneficial interest in the Trust after expiration of the two-year GRAT

6

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

period, which expired in 2005, other than the right to appoint a "non-family member" as successor trustee if Larry P. Laubach ("Laubach") (or any successor to him) becomes unable to serve. *See*, 2003 Trust at Article SIXTEENTH. Laubach served as trustee of the 2003 Trust until February 5, 2020, when Bruce Rosenfield, exercising authority granted to him in Item SIXTEENTH of the Trust, removed Laubach as trustee. On February 6, 2020, Settlor exercised the sole power he retained with respect to the Trust, appointing Patrick Riley ("Riley") as successor trustee. *See*, 2003 Trust, Article SIXTEENTH.

By documents also dated February 6, 2020, Riley purported to appoint Bridgeford Trust Company, LLC ("Bridgeford") as an additional trustee of the 2003 Trust, and Riley and Bridgeford purported to transfer the situs of the Trust to South Dakota. On February 14, 2020, John P. filed the Declaratory Judgment Petition, contending that he is also entitled to serve and serving as a trustee of the 2003 Trust, and was serving as a trustee prior to February 6, 2020, and that the appointment of Bridgeford as co-trustee and the transfer of situs to South Dakota are invalid because he did not join in those actions as co-trustee. It is true that Settlor retained a limited role with respect to the Trust, after the initial two-year period: he retained the right to fill a trustee vacancy under Item SIXTEENTH of the Trust. Settlor exercised this right and appointed Patrick Riley as trustee after Laubach's removal. Settlor's appointment of Riley is not in dispute in the Declaratory Judgment Petition pending before this Court. Therefore, the Settlor's limited retained power with respect to this Trust does not create a basis to conclude that Settlor has rights and interests that will be affected by these proceedings and therefore Settlor does not have standing to oppose or participate in proceedings pertaining to the Declaratory Judgment Petition.

7

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Settlor has no substantial, direct or immediate interest in the outcome of any of the currently pending proceedings and will not be impacted in any way by the outcome of these proceedings. Not only did Settlor not retain any beneficial interest in the Trust, he also expressly relinquished any right to revoke or modify the trust. Item FIFTEENTH of the Trust specifically provides: "This Agreement of Trust is expressly stated to be irrevocable and subject to no modification." Settlor (referred to in the Trust Agreement as "Grantor") also explicitly renounced any right to serve as trustee of the trust: "… after the termination of the trust term as defined in Item FIRST hereof, Grantor shall not, under any circumstances, serve as trustee of any trust hereunder". 2003 Trust, Item SIXTEENTH. The trust term begins "on the date on which the original contribution is transferred, for federal gift tax purposes, from Grantor to Trustee ("trust creation date"), and shall continue until the day before the second anniversary of the trust creation date ("trust term")." 2003 Trust, Item FIRST.

The trust instrument includes provisions, in Item SIXTEENTH, requiring the appointment of at least one "non-family member trustee". The Trust provides that:

> A "non-family member Trustee" shall refer to a corporation or an individual who is neither a descendant of Grantor nor married to such a person, nor any person who is a "related or subordinate party" to Trustee as defined in I.R.C. Section 672(c). Notwithstanding the foregoing sentence, an individual who is an "adverse party" to the primary beneficiary of any trust hereunder, as defined in I.R.C. Section 672(a), may also serve as a "non-family member Trustee or Co-Trustee".

Trust Agreement, Item SIXTEENTH.

A settlor, or grantor, is the party who creates a trust and establishes the provisions of the trust, and transfers property to a trustee for the benefit of one or more beneficiaries. There is no question that under Pennsylvania law, the settlor's intent as expressed in the

provisions of the trust remains the polestar for interpretation of the trust. Importantly, the settlor's intent must be identified by examination of the language of the trust document itself, and not by any subsequent expressions or actions of the settlor. *See, e.g., In re Trust of Henry Orth Hirt, Settlor*, 832 A.2d 438, (Pa. Super. 2003). Where, as here, a settlor expressly provides that a trust shall be irrevocable, the settlor retains no right to revoke or modify the trust, and no right to influence the administration of the trust in any way following the creation of the trust (other than the limited right specifically reserved to name a successor non-family member trustee if Bruce Rosenfield exercises his authority to remove a trustee). Indeed, a settlor of an irrevocable trust makes an irrevocable gift and in exchange assures certain tax treatment of the assets and income going forward. Where, as here, a settlor establishes a trust and transfers property to the trustee, to be held for the benefit of the beneficiaries, with the intent that the transfer of property shall qualify as a completed gift for purposes of federal estate and gift taxes, settlor makes a deliberate decision at the time of the creation and funding of the trust not to retain any right to control or manage the trust and not to have any authority to revoke the trust or to withdraw assets from the trust. Unlike a settlor of a revocable trust, a settlor of an irrevocable trust expressly gives up the right to control the assets.[4] The settlor who makes a transfer to an irrevocable trust typically relinquishes all rights to withdraw or receive any benefit from the assets of the trust. Relinquishing these rights is necessary to assure that the settlor and the beneficiaries will obtain the tax advantages and positions planned for in creating the trust. Here, Settlor expressly relinquished all rights to control the Trust as settlor, and Settlor has no interest as a beneficiary of the

---

[4] The rights, interests and powers of a settlor of a revocable trust are substantially different from and distinguishable from the rights and interest of a settlor of an irrevocable trust.

9

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Trust, as a trustee or in any other capacity. He has no beneficial interest in the assets of the Trust and no stake in how they are administered. As a result, Settlor has no substantial, direct or immediate interest in the outcome of any of the pending proceedings pertaining to the Trust and therefore lacks standing to oppose or otherwise participate in these proceedings.

"The core concept, of course, is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975); *see also Rock v. Pyle*, 720 A.2d 137, 142 (Pa. Super. 1998) ("A person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter").

John P. is the sole current discretionary beneficiary of the Trust. The Pennsylvania Supreme Court has explicitly stated that no one except a beneficiary or one suing on his behalf can sue a trustee to enforce the trust or to enjoin or obtain redress for a breach of trust. *Thompson Coal Company v. Pike Coal Company*, 412 A.2d 466, 469 (Pa. 1979) (quoting Restatement (Second) of Trusts §200 (1959)). Once a settlor makes an irrevocable gift, i.e., funds an irrevocable trust, the settlor loses title to and interest in the assets and no longer has a stake in the trust. *Rock v. Pyle*, 720 A.2d at 142. Having relinquished title to the assets upon creation of an irrevocable trust, a settlor cannot "establish any stake in the trust account," and "[a] person who has no stake in the matter has no standing to obtain judicial resolution of his challenge to the matter." *Id.*

Settlor will not be impacted in any way (let alone adversely) by the outcome of any of the proceedings. He has no beneficial interest in the Trust or its assets. He created and funded the Trust in 2003, but, as an irrevocable trust, he did not retain any interest in the

10

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Trust following expiration of the GRAT period in 2005. Accordingly, he has no interest that is substantial, direct or immediate, and, therefore, lacks standing to participate.

In *Rosemary C. Ford*, this court held, as affirmed by the Pennsylvania Superior Court, that Rosemary Ford, who was a contingent beneficiary, a creditor of the current beneficiary of the trust, and the settlor of the trust, did not have standing to bring an action to compel the trustee of the irrevocable trust to make the trust property income producing. This right was exclusively within the authority of the current beneficiary. *In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 2014-X2918, Slip. Op. at 5 (O.C. Montg., April 7, 2016). The Superior Court affirmed explaining that because Rosemary was not a current beneficiary or a creditor of the trust, she did not have standing in an action concerning the income of the trust (even though she was a creditor of the beneficiary of the trust). *In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 176 A.3d 992, 1000 (Pa. Super. 2017). On appeal, Rosemary argued that her status as settlor gave her "additional rights" over the trust, but the Superior Court disagreed, concluding that there is "no additional basis for standing" arising from Rosemary's status as settlor. *Id.* at n.10. Having chosen to create and fund an irrevocable trust, the settlor in her capacity as settlor had no further interest that gave her standing to challenge the trustee's decisions concerning the income of the trust.

## IV. SETTLOR LACKS STANDING UNDER THE UNIFORM TRUST ACT

Consideration of the provisions of the Pennsylvania Uniform Trust act does not change the result of this analysis. As established above, Pennsylvania law is clear that the settlor of a non-charitable irrevocable trust does not, in his or her capacity as settlor, have a substantial, direct or immediate interest concerning the administration of a non-charitable irrevocable trust.

11

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

This Court must now consider whether a settlor has standing to participate in proceedings concerning a trust because such standing is explicitly granted by statute.

The Uniform Trust Act ("UTA"), 20 Pa. C.S. §7701, *et. seq.* recognizes a settlor's participation in the ongoing administration of non-charitable irrevocable trusts only in limited circumstances, none of which is applicable here.

Pursuant to UTA § 7780.3(a), a settlor has the right to request information related to a trust's administration and a trustee must "promptly respond to a reasonable request by the settlor of a trust ... for information related to the trust's administration." 20 Pa. C.S. §7780.3(a). Settlor alleges that he demanded access to the books and records of the Trust pursuant to UTA §7780.3(a), and that his request was denied and that the requested information has not been provided.[5] A court order is not required for the trustees to produce materials in response to such a request. This issue has not yet been presented directly to this court by petition. Pursuant to §7780.3(a), Settlor may have standing to file a petition to compel limited to the request for the production of information related to the trust's administration. However, Settlor's statutory right to request information does not give Settlor a substantial, direct or immediate interest that would create standing more broadly to participate in other matters related to the Trust. *See, In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 176 A.3d at 999-1000. The right to request information about the Trust does not generate a substantial, direct or immediate interest in the outcome of any of the pending proceedings.

The powers enumerated in the UTA do not grant a settlor the ability to enforce a non-charitable irrevocable trust generally. By contrast, the UTA does include provisions

---

[5] *See*, Memorandum of Law of John S. Middleton, Settlor, in Opposition to Preliminary Objections (Orphans' Court docket seq. 6.1.3) at p.6 and exhibits C and D.

12

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

granting this power with respect to other types of trusts. For example, UTA §7735(c) provides that a "proceeding to enforce a *charitable* trust may be brought by the settlor during the settlor's lifetime." (emphasis added). With respect to revocable trusts, "the rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor while a trust is revocable." UTA §7753(a). There is no similar provision in the UTA or other Pennsylvania law granting a settlor standing to enforce a non-charitable irrevocable trust generally, leading to the conclusion that the Pennsylvania legislature intentionally and consciously chose not to grant such standing to the settlor of a non-charitable irrevocable trust such as the one before the court. Consequently, general enforcement of a non-charitable irrevocable trust resides with those who have standing to do so, the beneficiaries and trustees.

The UTA is largely based on the Uniform Trust Code ("UTC"). The Comments to both the UTA and UTC reflect that a settlor's standing to participate in proceedings concerning a non-charitable irrevocable trust is significantly limited.[6] For example, the Comment to UTC §103 (UTA §7703) states that "[w]hile the settlor of an irrevocable trust *traditionally has no continuing rights over the trust* except for the right under Section 411 to terminate the trust with the beneficiaries' consent, the Uniform Trust Code also authorizes the settlor of an irrevocable trust to petition for removal of the trustee and to enforce or modify a *charitable* trust" (emphasis added).

UTA §7780.3(a) grants a settlor the ability to make reasonable requests for information concerning the administration of a trust (charitable or non-charitable). This differs from UTC §813, which does not explicitly grant the settlor this right.

---

[6] The Pennsylvania Prefatory Comment to the UTA provides that "[w]here the UTC provisions have been substantially retained in this chapter, the UTC comments are applicable to the extent of the similarity."

13

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Settlor relies on a portion of the 2007 Pennsylvania Comment to UTA §7780.3 to support his position that he has standing to participate in the proceedings, but this reliance is misplaced. The Comment states that "the enforcement of a trust is left largely to its settlor while *sui juris*." However, the next sentence of the Comment says that "[b]eneficiaries of an irrevocable trust are entitled to request and receive information during the settlor's lifetime, but beneficiaries of a revocable trust are not entitled to request and receive information during the settlor's lifetime. See §7753(a)." When read as a whole, the statement that "enforcement of a trust is left largely to its settlor" must be construed to refer to revocable trusts, and not to non-charitable irrevocable trusts, especially given that Pennsylvania common law and many other provisions of the UTA expressly give only the beneficiaries and trustees the right to enforce non-charitable irrevocable trusts. If the Pennsylvania legislature intended to allow the settlor of a non-charitable irrevocable trust to enforce such a trust during the settlor's lifetime, it would have included a provision stating this, as it did in UTA §7735(c), which explicitly permits the settlor of a charitable trust to file a petition to enforce a charitable trust. There is no statutory provision under UTA §7780.3, elsewhere in the Uniform Trust Act, the Probate, Estates and Fiduciaries Code or any other Pennsylvania law granting a settlor the right to enforce the terms of a *non-charitable* irrevocable trust. The only mention of a settlor's ability to enforce a trust is in the Comment to UTA §7780.3, which is not a statute or law.

Where the UTA changed existing trust law, the Joint State Commission Comment recognized such changes. For example, the Comment to UTA §7735(c), which grants the settlor the right to petition to enforce a charitable trust, states that it was "[a]dopting the position of the UTC and *changing existing Pennsylvania law*" (emphasis added). Conversely, the Comment to §7780.3(a) does not state that it is deviating from

14

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

established Pennsylvania law when it granted the settlor the right to request reasonable information concerning the trust administration. This court concludes that the legislature did not intend for UTA §7780.3(a) or the Comment to that section to overrule Pennsylvania case law, which is clear that a settlor of a non-charitable irrevocable trust lacks standing to participate in proceedings other than in those limited circumstances specifically granted in the statute.

The Restatement (Second) of Trusts states that "[n]o one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust." Restatement (Second) of Trusts §200 (1959), quoted by *Thompson Coal Company v. Pike Coal Company*, 412 A.2d at 469 (Pa. 1979).

The Restatement (Third) provides that, "absent contrary legislation," the settlor cannot "maintain a suit against the trustee to enjoin or redress a breach of trust or otherwise to enforce the trust[.]" Restatement (Third) of Trusts §94, Comment to Subsection (1). There is no statutory authority in Pennsylvania law that grants Settlor, with respect to this irrevocable, non-charitable trust, the right to participate in any of the pending proceedings.

The proceedings currently pending with respect to the 2003 Trust primarily arise from the pending Declaratory Judgment Petition, in which John P. asks the court to declare as void and invalid (1) an allegedly improper appointment of a trustee, and (2) a purportedly improper change of situs of the trust from Pennsylvania to South Dakota. Those proceedings remain pending. Significantly, the alleged improper appointment of a trustee does not stem from the appointment of a trustee by Settlor, but rather an attempted appointment of a trustee by another trustee. Also noteworthy is that with respect to a

15

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

change of trust situs, if the trust instrument is otherwise silent as to a change of situs, notice only needs to be given to the qualified beneficiaries. UTA §7708(d). The settlor is not required to be given notice. Further, if the trust instrument is otherwise silent as to a change of situs, a trustee may change situs nonjudicially with the approval of the qualified beneficiaries only. UTA §7708(c). The settlor's consent is not required. As mentioned above, although Settlor retained the right to fill a trustee vacancy under Item SIXTEENTH of the Trust and appointed Patrick Riley as trustee after Laubach's removal, Settlor's appointment of Riley is not an issue in the Declaratory Judgment Petition. Accordingly, Settlor has no interest in the outcome of that proceeding and therefore no standing to participate with respect to the Declaratory Judgment Petition.

UTA §7766(a) permits a settlor to request that the court remove a trustee. In his filings before the Orphans' Court, Settlor questions John P.'s status as a trustee of the 2003 Trust and his "actions and inactions" as trustee, and implies that he may want to petition to remove John P. as co-trustee of the Trust pursuant to 20 Pa. C.S. §7766(a).[7] Settlor claims that the only way he can obtain information he needs to assess whether to seek removal of John P. as trustee is by participating in the pending court proceedings.[8] While Settlor has standing under UTA § 7766(a) to file a request to remove John P. as co-trustee, Settlor has not, to date, filed such a petition. Moreover, this statutory right granted under the UTA to request removal of a trustee does not confer upon Settlor standing to intervene in any other proceedings currently before the Court or to engage in discovery absent the filing of such a petition. Settlor cannot bootstrap the right to request

---

[7] Memorandum of Law of John S. Middleton, Settlor, in Opposition to Preliminary Objections (Orphans' Court docket seq. 6.1.3) at p. 12-15; Settlor's Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925, at paragraph 3.
[8] *Id.*

16

Case# 2020-x0633-15.4 Received at Montgomery County Register of Wills Office on 11/18/2022 1:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

removal of a trustee under §7766(a) to expand his standing to allow him to participate in other proceedings concerning the Trust. While Settlor may have standing to file a petition to compel limited to the request for the production of information related to the trust's administration, as mentioned above, to date he has not done so. Under §7780.3 a settlor may make a "*reasonable* request" for information related to a trust's administration (emphasis added). If a dispute arises concerning Settlor's request, Settlor may bring the matter before the court by a petition to compel.

## CONCLUSION

For all of the foregoing reasons, the court concludes that John S. Middleton, Settlor, does not have an ongoing interest in the Trust nor a statutory basis to participate in the current proceedings and therefore John S. Middleton lacks standing to participate in these proceedings. It is respectfully requested that this appeal should be quashed, or in the alternative, that the decision of this court be affirmed.

BY THE COURT:

_____
LOIS E. MURPHY          A.J.

This Opinion e-filed November 18, 2022.
Copies emailed to counsel:

_____
Secretary

17